IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

KELLIE GENE BURNETT                                                    PLAINTIFF

vs.                           Case No. 3:14CV00228 JTK

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                         DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Kellie Gene Burnett brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB).  Both parties have submitted appeals briefs, and the case is ready for decision.[1]  The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence.  After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is supported by substantial evidence.

**Procedural History**

Plaintiff protectively filed her application for DIB on February 6, 2012, alleging a disability[2] onset date of January 1, 2002, due to back injury, osteoarthritis, chronic sciatica, double total knee replacements, morbid obesity, and high blood pressure. Plaintiff's claim was

---

[1] The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

[2] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3).

denied at the initial and reconsideration levels. A hearing was held on July 23, 2013, before an Administrative Law Judge (ALJ). The ALJ issued an unfavorable decision, denying Plaintiff's claim on September 4, 2013. The Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was forty-four years old at the time of the administrative hearing and had past relevant work as a school teacher. The ALJ applied the five-step sequential evaluation process[2] to Plaintiff's claim. Plaintiff satisfied the first step because she had not engaged in substantial gainful activity since her alleged onset date of January 1, 2002, through her date last insured of June 30, 2007. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, osteoarthritis of the bilateral knees, and obesity. The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. Further, while the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, he also concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effect of those symptoms were not credible to the extent they were

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

inconsistent with the residual functional capacity (RFC) to perform limited sedentary work.[3] The ALJ found at step four that Plaintiff could not perform her past work, but he found at step five that other jobs existed in the national economy that Plaintiff could perform. Accordingly, the ALJ found Plaintiff was not under a disability.

**Standard of Review**

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In

---

[3]The ALJ found that, after sitting for one hour, Plaintiff needed the option to stand up for 10 minutes which could be performed in the immediate workplace area and would not interfere with the work process; Plaintiff is able to ambulate on level surfaces only, and she is able to understand, remember, and carry out detailed instructions, respond to changes within the workplace, and interact with co-workers, supervisors, and the general public on a frequent basis.

reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff asserts the Commissioner's decision that she is not disabled is not supported by substantial evidence on the record as a whole. Specifically, Plaintiff argues (1) the ALJ erred in his credibility determination, and (2) the ALJ erred at step five because the ALJ's hypothetical did not include any reference to her extreme obesity. For the reasons outlined below, the Court affirms the Commissioner.

### 1. Credibility

Plaintiff argues the ALJ erred in his credibility determination. The Court finds no error.

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is not required to discuss each *Polaski* factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524

(8th Cir. 2009)).  While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible in light of objective medical evidence to the contrary.  *See* 20 C.F.R. §§ 404.1508, 404.1529 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so.  *Halverson*, 600 F.3d at 932.

First, Plaintiff asserts the ALJ relied exclusively on medical evidence to discredit her testimony and misstated the record evidence.  Review of the ALJ's decision shows that he considered the entire record.  In his opinion, the ALJ made note that Plaintiff's March 2012 function report indicated she was able to prepare meals, drive, take care of the lawn, shop, attend church, scrapbook, take care of pets or other animals, and eat out.  The ALJ also noted, however, that at the time of the administrative hearing, Plaintiff testified that she was more limited in that she was able to prepare meals but sat to do food preparation; her driving was limited but she went shopping once a week; she was able to mow her lawn with a riding mower, but if she tried to do too much, she was down for a few days of rest; and that she had to alternate between sitting and standing throughout the day and could only stand for thirty minutes at a time.  The ALJ did not fully discredit Plaintiff's subjective complaints based on

these activities because he included significant limitations regarding her ability to sit, stand, and ambulate in the RFC determination. *See Tindall v. Barnhart*, 444 F.3d 1002, 1006 (8th Cir. 2006) (upholding an ALJ's credibility determination, and noting that the ALJ did not fully discredit all of the claimant's complaints but included supported subjective limitations in the RFC assessment). This indicates that the ALJ appropriately considered Plaintiff's activities of daily living amongst the other *Polaski* factors to properly determine the claimant's credibility.

Second, Plaintiff claims the ALJ discredited her complaints of pain when treatment records clearly showed she was prescribed potent prescription pain medication. Here, the ALJ acknowledged that Plaintiff reported use of pain medication and muscle relaxers every night to sleep, but he also noted that Plaintiff's pharmacy records showed no medication prescribed during the period in question. In her brief, Plaintiff notes that the pharmacy records may be incomplete, but the duty to prove disability lies with the Plaintiff. *See Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). While treatment notes may indicate that Plaintiff was regularly prescribed pain medication, pharmacy records did not indicate that she took or filled those prescriptions. *See Moore v. Astrue*, 572 F.3d 520, 524-25 (8th Cir. 2009) (limited use of prescription medication can be inconsistent with a claimant's allegations of disabling pain).

Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. The Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was

adequately explained and supported by the record as a whole.

## 2. Step Five

Plaintiff argues next that the ALJ erred at Step Five because he did not include any reference to her extreme obesity in the hypothetical to the vocational expert (VE). Finding no error, the Court affirms on this point.

"In our circuit, it is well settled law that once a claimant demonstrates that he or she is unable to do past relevant work, the burden of proof shifts to the Commissioner to prove, first that the claimant retains the [RFC] to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citing *McCoy v. Schweiker*, 683 F.2d 1138, 1146-47 (8th Cir. 1982)(en banc); *O'Leary v. Schweiker*, 710 F.2d 1334, 1338 (8th Cir. 1983)). "Testimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision. Hypothetical questions must set forth impairments supported by substantial evidence on the record and accepted as true and capture the concrete consequences of those impairments." *Jones v. Astrue*, 619 F.3d 963, 972 (8th Cir. 2010) (citations omitted).

Despite the fact that the ALJ's hypothetical questions to the VE did not refer to Plaintiff's obesity, the questions accurately captured the "concrete consequences" of her impairments, which is all the ALJ was bound to do. This is especially so since Plaintiff fails to explain how including her obesity would have changed the ALJ's hypothetical questions. That is, Plaintiff has failed to identify any "concrete consequences" of her obesity that were

missing from the ALJ's hypothetical questions. Therefore, the ALJ did not err in this regard. *Robson v. Astrue*, 526 F.3d 389, 391 (8th Cir. 2008) (ALJ did not err in excluding plaintiff's obesity from hypothetical question posed to VE when hypothetical accurately described all of plaintiff's physical limitations).

## Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record that contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record and concludes there is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

SO ORDERED this 22nd day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE